IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK TASSINARI, RICHARD ESPINOSA, and JOSEPH ALMEIDA individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE SALVATION ARMY, A NEW YORK CORPORATION<br><br>*Defendant.* | Civil Action No.: 1:21-cv-10806-LTS |

**Stipulation and Proposed Order Regarding Modified Discovery and Case Schedule**

WHEREAS, on January 6, 2023, Plaintiffs filed a Motion to Compel Production of Documents and Responses to Interrogatories from Defendant the Salvation Army, A New York Corporation (ECF 89);

WHEREAS, on April 3, 2023, the Court allowed that motion in part, directing Defendant to produce beneficiary files and corresponding BITS database information in the following three categories: (A) a random sample of ten percent of individuals identified in the BITS ARC Discharge Summary for the four year period prior to the filing of the Complaint as having a discharge reason of "Drug Use," "Higher Level of Care," "Medical," or "Possession of Drugs/Alcohol;" (B) all individuals identified in the BITS ARC Discharge Summary as having a Primary Abused Substance of "Opiates" during the four-year period prior to the filing of the Complaint; and (C) a random sample of 20 percent of all participant files from the four-year

period prior to the filing of the Complaint for the Boston, Providence, and Springfield ARCs (ECF 126 at 2-3);

WHEREAS, the Court also directed Defendant to produce "any documents or communications, or portions thereof, concerning the development of the challenged MAT policy to the extent that they are not discussions of the meaning, validity, or implications of religious doctrine" including "documents or communications discussing any non-religious motivations for the policy" (ECF 126 at 11);

WHEREAS, the parties agreed on a methodology for selecting the random samples of beneficiary files and BITS database information in categories A and C, and on May 15, 2023, Plaintiffs identified the specific files to be produced based on that agreed upon methodology;

WHEREAS, Defendant subsequently produced beneficiary files and BITS database information, but Defendant represents that, due to an unintentional administrative error, Defendant did not strictly follow the methodology agreed to by the parties for randomly selecting files in categories A and C;

WHEREAS, Defendant further represents, however, that the methodology it used to select the samples of files that Defendant did produce from categories A and C resulted in random samples consistent with the sample sizes and sources ordered by the Court;

WHEREAS, Plaintiffs filed motions seeking a preliminary injunction and provisional class certification on May 5, 2023 (ECF 138, 139), which were fully briefed as of June 12, 2023, and which remain pending;

WHEREAS, under the current case management schedule, all depositions and discovery, other than expert depositions and discovery, must be completed by January 12, 2024 (ECF 175, 176);

WHEREAS, the parties agree that adopting the stipulations below will reduce the need for burdensome discovery and help avoid inefficient use of resources, including by avoiding the need for depositions solely for the purpose of authenticating documents;

THEREFORE, the parties stipulate to the following:

1. Defendant stipulates to the authenticity of all email communications it has produced in discovery.

2. Defendant further stipulates that each email Defendant has produced in discovery was sent on the date listed in the date line, by the individual listed in the "from" line, to the individuals listed in the to, cc, and bcc lines, and attached the documents shown as attachments.

3. Defendant stipulates that, to the extent that Plaintiffs use information from the beneficiary files or BITS database information that Defendant has produced (including files that Defendant produces after this stipulation) to support or oppose any dispositive motion or to support a motion for class certification, Defendant will not contend that such use is inappropriate or insufficient on the ground that the sample was insufficiently randomized. Both parties otherwise reserve their rights to challenge the use of the information in the beneficiary file sample in class certification, dispositive motion practice, or otherwise in the litigation.

4. Based on the foregoing, Plaintiffs stipulate that they will not insist on production of the full samples of files in categories A and C originally agreed to by the parties.

So Stipulated.

| | |
|---|---|
| Dated: October 20, 2023 | Justice Catalyst Law<br>Altshuler Berzon LLP<br><br>By:  /s/*Matthew J. Murray*<br><br>JANET HEROLD (Bar No. 632479)<br>MATTHEW MURRAY (*Pro Hac Vice*)<br>CONNIE CHAN (*Pro Hac Vice*)<br>CHRISTINE SALAZAR (*Pro Hac Vice*)<br>Attorneys for Plaintiffs |
| Dated: October 20, 2023 | Crowell & Moring LLP<br>Barton Gilman, LLP<br><br>By: /s/*Thomas Gies* (w/ permission)<br>THOMAS GIES (*Pro Hac Vice*)<br>CHRISTINE HAWES (*Pro Hac Vice*)<br>KATIE ERNO (*Pro Hac Vice*)<br>ANDREW BAGLEY (*Pro Hac Vice*)<br>KEVIN HENSLEY (Bar No. 554824)<br>Attorneys for Defendants |

### [PROPOSED] ORDER

The foregoing Stipulation is approved.

**IT IS SO ORDERED.**

Dated: _____

THE HONORABLE LEO T. SOROKIN
JUDGE, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS