IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK TASSINARI, RICHARD ESPINOSA, and JOSEPH ALMEIDA individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE SALVATION ARMY, A NEW YORK CORPORATION,<br><br>*Defendants.* | Civil Action No.: 1:21-cv-10806-LTS |

## JOINT STATUS REPORT

The parties file this Joint Status Report in advance of the Status Conference currently set for April 26, 2024, at 3:45 pm by remote appearance. ECF 222, 223, 224. On March 28, 2024, the Court issued an Order on Plaintiffs' Motions for Preliminary Injunction (Doc. No. 138) and Provisional Class Certification (Doc. No. 139). ECF 218. In that Order, the Court directed the parties to file a joint status report stating their joint or separate positions as to the Court's suggestions and any other proposals they have for the course of the remainder of the case. ECF 218 at 28. The parties' positions in response to the Court's Order are as follows:

Plaintiffs:

This case should continue to be litigated under the current case schedule. ECF 175, 176. Experts must be deposed by May 1, 2024. *Id.* Plaintiffs' motion for class certification is due May 31, 2024. *Id.* Plaintiffs propose that the deadline for Defendant to respond to Plaintiffs' motion for class certification be set at July 12, 2024, and that Plaintiffs be permitted to file a

1

reply in support of the motion, with that reply due August 9, 2024. Dispositive motions will be due 60 days after the Court's order on Plaintiffs' motion for class certification. *Id.* The Court should hear and resolve Plaintiffs' motion for class certification and then set a status conference to decide how the case should proceed. At that stage, the parties and the Court will be able to evaluate what, if any, class-related matters need to be addressed, and how to resolve the remaining merits disputes to move the case to judgment. Plaintiffs also are open to the Court directing the parties to engage in mediation to attempt to resolve this litigation, without staying or postponing the deadlines above.

Defendant:

The Salvation Army generally agrees with Plaintiffs' position, including Plaintiffs' proposal for the briefing schedule on Plaintiff's motion for class certification, on the understanding that, at the status conference to be scheduled following the Court's ruling on Plaintiffs' motion for class certification, the parties shall be prepared to discuss the scope of any dispositive motions. Defendant does not believe mediation would be productive at this juncture, particularly where the Court has not yet had the opportunity to rule, with the benefit of full briefing, on The Salvation Army's religious defenses to the challenged policy.

Respectfully submitted,

Dated: April 18, 2024

Justice Catalyst Law
Altshuler Berzon LLP


By:   *s/Matthew Murray*
     JANET HEROLD (Bar No. 632479)
     MATTHEW MURRAY *(Pro Hac Vice)*
     CONNIE CHAN *(Pro Hac Vice)*
     CHRISTINE SALAZAR *(Pro Hac Vice)*
     Attorneys for Plaintiffs

| | |
|---|---|
| Dated: April 18, 2024 | Crowell & Moring LLP<br>Barton Gilman, LLP<br><br>By: _s/Thomas Gies_ (with permission)<br>THOMAS GIES (*Pro Hac Vice*)<br>KATIE ERNO (*Pro Hac Vice*)<br>KEVIN HENSLEY (Bar No. 554824)<br>Attorneys for Defendant |

DCACTIVE-76241684.1