**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARK TASSINARI, RICHARD ESPINOSA, and JOSEPH ALMEIDA, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs,*<br><br>  v.<br><br>THE SALVATION ARMY, A NEW YORK CORPORATION,<br><br>     *Defendant.* | Civil Action No. 1:21-cv-10806-LTS<br><br>**LEAVE TO FILE GRANTED ON APRIL 22, 2026** |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT [DOC. NO. 297]**

The facts alleged in *Holland v. Elevance Health, Inc.*, 171 F.4th 126 (1st Cir. Mar. 27, 2026), are poles apart from the robust evidentiary record developed in this case. In *Holland*, the plaintiff argued that an insurer's failure to cover weight-loss drugs under a particular health plan discriminated against individuals with "disabling obesity" in violation of the Affordable Care Act, 42 U.S.C. §18116.  *Id.* at 132. The court held that the plan did not facially discriminate because the exclusion of weight-loss drugs was "not tethered to a specific condition," i.e., the plan did not exclude weight-loss drugs only for the treatment of obesity, but for all purposes. *Id.* at 134. Here, in stark contrast, TSA's challenged policy targets OUD: TSA prohibits methadone and buprenorphine (MOUD) (including short-term use) specifically "for opioid use disorder," but not "for some other reason." Doc. No. 306 (Opp.) at 14 (quoting Coombs). Moreover, even under TSA's characterization of its policy, a categorical ban on "long term" use of MOUD is intentional discrimination as applied to Suboxone, Subutex, and Sublocade—prescriptions for which treating OUD is the *only* medically accepted "long term" use. *See* Doc. No. 281 (SoF) 25; Doc. No. 307 (SSF) 12(a); Doc. No. 276-7; Doc. No. 143-2 at 108; *contrast Holland*, 171 F.4th at 132-33 (weight-loss drugs regularly also prescribed for non-disabling conditions, including high blood pressure and high cholesterol). Thus, for those treating their OUD with MOUD, "[t]he protected trait [is] '…the *basis* for different treatment.'" Doc. No. 312 (Reply) at 2-3.

For similar reasons, there is also "a sufficiently close 'fit'" between OUD and MOUD to support a proxy discrimination claim, unlike in *Holland*, 171 F.4th at 132-34. *See Rice v. Cayetano*, 528 U.S. 495, 514-15 (2000) (ancestry can be proxy for race); Opp. at 12-14 (citing additional cases). The developed record here establishes MOUD as the standard of care for OUD, *see* SoF 40, such that a reasonable factfinder could find it is "so closely associated with the disfavored group that discrimination on the basis of such criteria is, constructively, facial discrimination against the disfavored group." *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1160 n.23 (9th Cir. 2013); *see also EEOC v. Mod. Grp., Ltd.*, 725 F. Supp. 3d 577, 629 (E.D. Tex. 2024) (jury could find decision based on methadone use was a decision based on OUD given awareness of methadone use to treat OUD).

Finally, unlike in *Holland*, where there was no allegation that the exclusion of weight-loss drugs was grounded in factually debunked stereotypes, here, a factfinder could find that TSA's policy has no objective, scientific basis and is unlawfully based on stereotypes about those who treat their OUD with MOUD. Opp. at 15-17.[1]

<div style="margin-left: 45%;">

Respectfully submitted,

</div>

Dated: April 21, 2026    By:    /s/ Matthew J. Murray
Matthew J. Murray* (CA Bar No. 271461)
Connie K. Chan* (CA Bar No. 284230)
Alice X. Wang* (CA Bar No. 335224)
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, CA 94108
Phone: (415) 421-7151
Fax: (415) 362-8064
Email: mmurray@altber.com
        cchan@altber.com
        awang@altber.com
*Pro Hac Vice*

Janet Herold (Bar No. 632479)
**Justice Catalyst Law**
40 Rector Street, Floor 9
New York, NY 10006
Main: 518-732-6703
Email: jherold@justicecatalyst.org

---

[1] Notably, in *Holland*, the insurer covered weight-loss drugs under its *other* offered health plans, which the plaintiff's employer could have selected instead. *Holland v. Elevance Health, Inc.*, 2025 WL 1160477, at *2-3 (D. Me. Apr. 9, 2025); *see Holland*, 171 F.4th at 136 (no allegation that the ACA requires "design[ing] benefits in a manner that provides coverage for every form of medically necessary treatment for a disabled individual's particular condition"). Here, TSA prohibits MOUD for the treatment of OUD at all its ARCs, SoF 71-75, categorically denying individuals treating their OUD with MOUD "meaningful access" to all ARC housing and services. Opp. at 17-18. *Holland* thus is also inapplicable to Plaintiffs' "effect" claim. *Id.* TSA makes no argument otherwise.