UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARK TASSINARI, RICHARD ESPINOSA, and JOSEPH ALMEIDA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE SALVATION ARMY, A NEW YORK CORPORATION,<br><br>Defendant. | ) | Civil No. 21-10806-LTS |

ORDER ON MOTION TO DECERTIFY DAMAGES CLASSES (DOC. NO. 326)

August 18, 2026

SOROKIN, J.

On July 6, 2026, the Court allowed the defendant's motion for summary judgment as to all claims brought by the Injunction Class. Doc. No. 321; see also Doc. No. 265 (certifying classes). The Court noted, as the parties had previously agreed, that its order did not bind the members of the certified Damages Classes because notice of the class action (and an opportunity to opt out) had not yet been provided to them. Doc. No. 321 at 8 n.11.

The plaintiffs now move to decertify the Damages Classes.[1] Doc. No. 326. The defendant does not oppose this motion. Id. For the reasons advanced in the plaintiffs' motion, and as the Court has previously discussed with the parties, the motion to decertify the Damages

[1] The plaintiffs note that they plan to appeal the summary-judgment order (and other, earlier orders) and reserve the right to seek recertification of the Damages Classes if their appeal is successful. Doc. No. 326; Doc. No. 328.

Classes is ALLOWED. The Court hereby modifies its prior order certifying the two Damages Classes. Doc. No. 265; see also Fed. R. Civ. P. 23(c)(1)(C).

In the parties' recent joint status report, Doc. No. 328, the parties agree that no further briefing is required before the Court enters final judgment. The defendant argues that the Court's summary-judgment order disposed of the named plaintiffs' damages claims by its own terms, while the plaintiffs argue those claims survived the summary-judgment order but, under the reasoning of that order, judgment would enter for the defendant. (Plaintiffs, of course, disagree with the summary-judgment reasoning, but they do not seek to relitigate it here, nor do they advance different legal or factual arguments in support of the individual damages claims.)

This is a distinction without a practical difference under the circumstances of this case. The Court previously concluded that the First Amendment foreclosed the Injunction Class plaintiffs' claims. Doc. No. 321 at 17, 20. The Court's reasoning applies equally to the named plaintiffs' damages claims, and no party argues otherwise. For the same reasons given in the Court's summary-judgment order, Doc. No. 321, judgment shall enter for the defendant on the named plaintiffs' damages claims.

All claims now resolved, the Clerk shall enter final judgment in this matter.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge